UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF UBS COMMERCIAL MORTGAGE TRUST 2019-C17, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2019-C17, acting by and through its special servicer, Rialto Capital Advisors, LLC, as Special Servicer under the Pooling and Servicing Agreement dated as of October 1, 2019,<br><br>                              Plaintiff,<br><br>         v.<br><br>36th STREET PROPERTY INC.; HR 442 CORP.; AE SOOK CHOI; JIN SUP AN; NEW YORK CITY DEPARTMENT OF FINANCE; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEWBANK; and "JOHN DOE NO. 1" TO "JOHN DOE NO. 100" inclusive, the last one hundred names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,<br><br>                              Defendants. | Civil Action File No. 22-cv-00302-LGS |

### LOCAL RULE 6.1(D) DECLARATION OF EMERGENCY OF KEITH M. BRANDOFINO IN SUPPORT OF PLAINTIFF'S APPLICATION FOR THE IMMEDIATE APPOINTMENT OF A RECEIVER

Keith M. Brandofino hereby declares under penalty of perjury:

1. I am a partner of the law firm, Holland & Knight LLP, attorneys for the plaintiff Wilmington Trust, National Association, As Trustee For The Benefit of the Registered Holders of UBS Commercial Mortgage Trust 2019-C17, Commercial Mortgage Pass-Through Certificates Series 2019-C17 ("Plaintiff"), acting by and through its special servicer, Rialto Capital

1

Advisors, LLC ("Special Servicer"), as Special Servicer under the Pooling and Servicing Agreement dated as of October 1, 2019 (the "PSA").

2. I submit this emergency declaration in support of Plaintiff's application seeking, inter alia, an Order: (i) appointing Janus Hotel Management Services, LLC as receiver to take immediate possession and control of the assets of defendants 36th Street Property Inc. and HR 442 Corp. (collectively, "Borrowers"), including, without limitation, certain real property and improvements located at the real property located at 442 West 36th Street, New York, New York 10018, improved by the Hudson River Hotel (the "Hotel"), and more particularly described in Exhibit A as annexed hereto to the Complaint filed herein (the "Property); and (ii) granting such other and further relief as this Court deems just, proper and equitable.

3. On January 12, 2022, Plaintiff commenced this action by filing a Complaint pursuant to which Plaintiff seeks to enforce certain of its contractual rights following Borrowers' default on a loan in the original principal amount of $14,200,000.00, repayment of which is secured by, inter alia, the Property and guaranteed by defendants Sook Choi and Jin Sup An.  A copy of the Complaint is annexed hereto as Exhibit A.

4. As more fully set forth in, inter alia, the accompanying declaration of Javier Callejas, sworn to on January 25, 2022, and the exhibits annexed thereto, Plaintiff is threatened with material losses and injuries, including Borrowers' assets suffering waste and a dissipation or diminution in value if a receiver is not appointed and Borrowers remain in control of them.  For the reasons stated in the aforementioned declarations, proceeding by notice of motion would jeopardize this Court's ability to grant full and effective relief both on this application and on the merits of the Plaintiff's Complaint.

527548.000011 24910114.4

5. On June 21, 2021 and June 24, 2021, I contacted Lawrence Morrison, Esq., of Borrowers' counsel, Morrison & Tenenbaum PLLC, to coordinate a date and time for Plaintiff's inspector to perform an inspection of the Property. By e-mail dated June 25, 2021, I advised Mr. Morrison that an inspector was available to do so on June 30, 2021 at 10:00 A.M. By e-mail dated June 29, 2021, Mr. Morrison advised that Borrowers were unable to provide access at the agreed upon time. True and correct copies of the aforementioned email correspondences are annexed hereto as Exhibit B.

6. By e-mail dated September 8, 2021 and September 14, 2021, I again contacted Mr. Morrison to coordinate a date and time for Plaintiff's inspector to perform an inspection of the Property. Although Mr. Morrison indicated that he would follow up with Borrowers in response to both of my emails to him, Mr. Morrison ultimately never responded with any information as to Borrowers' amenability to allow Plaintiff access to the Property for purpose of performing an inspection. True and correct copies of the aforementioned email correspondences are annexed hereto as Exhibit C.

7. Collectively annexed hereto as Exhibit D are materials outlining an overview of Janus Hotels & Resorts, its client base, a scope of work of its receivership and management services.

8. A proposed form Order granting the within requested relief is annexed hereto as Exhibit E.

9. Plaintiff has made no prior application for the relief sought herein.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on February 1, 2022

                                            */s/ Keith M. Brandofino*
                                            KEITH M. BRANDOFINO