# Holland & Knight

900 Third Avenue 20th Floor | New York, NY 10022 | T 212.751.3001 | F 212.751.3113
Holland & Knight LLP | www.hklaw.com

David V. Mignardi
212.751.3171
david.mignardi@hklaw.com

March 8, 2022

**VIA ECF:**
Honorable Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Wilmington Trust, N.A., as Trustee, etc. v. 36th Street Property Inc., et al*;
                Case No. 1:22-cv-00302-LGS

Dear Judge Schofield:

      We are counsel to plaintiff Wilmington Trust, National Association ("Trustee"), as Trustee for the Benefit of the Registered Holders of UBS Commercial Mortgage Trust 2019-C17, Commercial Mortgage Pass-Through Certificates Series 2019-C17 (the "Trust"),[1] acting by and through Rialto Capital Advisors, LLC ("Special Servicer"), as Special Servicer under the Pooling and Servicing Agreement dated as of October 1, 2019 (the "PSA") in this action. We submit this letter in opposition to the March 1, 2022 pre-motion conference letter (the "Letter") (see ECF No. 46) by which defendants 36 Street Property, Inc., HR 442 Corp. (collectively, "Borrowers"), AE Sook Choi, and Jin Sup An (collectively, "Guarantors" and, together with Borrowers, "Borrower Defendants") seek leave to file a motion for dismissal of this action based upon this Court's purported lack of subject matter jurisdiction (the "Proposed Motion").

      **I.**    **Introduction**

      Borrower Defendants have been in breach of their obligations under the subject loan documents (collectively, the "Loan Documents") since the inception of the $14,200,000.00 loan that is the subject of this action. The initial default began on September 3, 2019, the date of origination, because certain of Borrowers' representations and warranties in the Loan Documents were false or materially misleading due to Borrowers' prior incurrence of a debt to defendant Newbank, repayment of which is secured by that certain mortgage, dated November 15, 2019 and in the original principal amount of $1,100,000.00, and recorded against certain real property located at 442 West 36th Street, New York, New York 10018 and improved by the Hudson River Hotel (the "Property") on November 21, 2019 (the "Subordinate Mortgage"). On November 15, 2019, Borrowers granted the Subordinate Mortgage despite covenanting not to do so in Loan Documents, thereby resulting in an another event of default under the Loan Documents. On May 6, 2020, Borrowers committed a payment default by failing to remit the monthly debt service

---

[1] Trustee as trustee of the Trust shall be referred to hereinafter as "Plaintiff".

payment due May 2020 and each payment due monthly thereafter. On June 30, 2020, Borrowers ceased hotel operations at the Property in violation of their covenants under the Loan Documents. Subsequently, on February 6, 2021, Borrowers allowed an insurance policy for the Property to lapse, thereby resulting in yet another event of default and prompting Plaintiff to institute force-placed insurance for the Property. Finally, on July 3, 2021, Borrowers breached their financial reporting as well as their cash management obligations under the Loan Documents, thereby resulting in two additional defaults. Due to the mounting number and gravity of the foregoing defaults, Plaintiff was left with no alternative but to commence this action on January 12, 2022 to avail itself of its contractual remedies under the Loan Documents.

Unable to dispute their willful, wanton disregard for their contractual obligations, Borrower Defendants now seek to protract this matter by mounting a jurisdictional challenge regarding commercial mortgage-backed securitized ("CMBS") trusts that is contrary to this Court's own voluminous, prior holdings on the issue. Borrower Defendants' scheme is evidenced by their repeated requests to adjourn Plaintiff's motion for the appointment of a receiver over the Property.

By the Letter, Borrower Defendants contend that because Plaintiff engages in business in New York, Special Servicer has an office in New York, and because Plaintiff's "affiliates" are all in New York, this Court should deem Plaintiff a citizen of New York which, in turn, would destroy the diversity of citizenship existing between Plaintiff and all of the named defendants. Remarkably, however, Borrower Defendants fail to cite to even a single authority supporting their theory that any of these factors determine a plaintiff's citizenship. Contrary to their contentions, because Trustee possesses customary powers to hold, manage and dispose of the Trust's assets, it is the real party in interest. In turn, its citizenship, which is solely a product of the state of its main office, is determinative for purposes of analyzing diversity jurisdiction herein.

## II. Argument

As Trustee is a national banking association, it is a citizen of Delaware because its main office is located in Wilmington, Delaware. See Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006) ("[A] national bank . . . is a citizen of the State in which its main office, as set forth in its articles of association, is located."); see also U.S. Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC, 859 F.Supp.2d 602, 605 (S.D.N.Y. 2012) (finding the plaintiff a citizen of Ohio because its trustee, U.S. Bank National Association, is a national banking association with its main office in Ohio). That Plaintiff engages in business in New York and that Special Servicer has an office in New York has absolutely no bearing on Plaintiff's citizenship. Indeed, it appears that Borrower Defendants are confusing the foregoing with long-arm jurisdictional principles. As Plaintiff has availed itself of access to this Court, there is no need to determine whether this Court can exercise long-arm jurisdiction to haul Plaintiff into court as is often the case with unwilling defendants.

Borrower Defendants also claim that Plaintiff should be deemed a citizen of New York because Special Servicer maintains an office here. Essentially, Borrower Defendants contend that the citizenship of Special Servicer, and not Trustee, determines that of Plaintiff. This is not so. In Navarro Sav. Ass'n v. Lee, 446 U.S. 458 (1980), the U.S. Supreme Court reaffirmed its prior holdings that "a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of

Honorable Lorna G. Schofield, U.S.D.J.
March 8, 2022
Page 3

others." Id at 464.  This is so where trustees are empowered "to take legal title to trust assets, to invest those assets for the benefit of the shareholders, and to sue or be sued in their capacity as trustees." Id. "If the trustee possesses 'certain customary powers to hold, manage, and dispose of assets for the benefit of others,' , she is not a sham trustee, and her citizenship controls." Nomura Asset Acceptance Corp. Alternative Loan Trust, Series 2007-1 ex rel. HSBC Bank USA v. Nomura Credit & Capital, Inc., 27 F.Supp.3d 487, 492 (S.D.N.Y. 2014).

Analysis of the PSA[2] reveals that Trustee is indeed the real party in interest.  First, the PSA grants to Trustee legal title to the Trust's assets. See PSA § 2.01(a) ("The Depositor . . . does hereby . . . assign, sell, transfer and convey to the Trustee . . . for the benefit of the Certificateholders. . . all the right, title and interest. . . in, to and under (i) the Mortgage Loans . . . .").[3]  Second, the PSA confirms Trustee holds and manages those assets. Id §2.01(a) ("Trustee . . . holds and will hold such documents . . . assets included in the Trust Fund, in trust for the exclusive use and benefit of all present and future Certificateholders . . . ."). Third, the PSA uniquely positions Trustee, by itself or through agents, to exercise remedies available under the subject loan documents in the event of a default. Id § 3.10(c) ("Trustee shall execute and deliver to the Special Servicer any court pleadings, requests for trustee's sale or other documents necessary to the foreclosure or trustee's sale . . . or to any legal action brought . . . or to enforce any other remedies or rights . . . ."); § 8.02(vi) ("The Trustee . . . may execute any of the trusts or powers . . . or perform any duties hereunder either directly or by or through agents . . . .").[4]  As the PSA makes clear that Trustee is the real party in interest, its Delaware citizenship controls.

That Trustee has initiated these foreclosure proceedings by and through Special Servicer "does not undermine the conclusion that the Trustee is a real and substantial party." Wells Fargo Bank, N.A. v. 390 Park Ave. Associates, LLC, 16 Civ. 9112 (LGS), 2017 WL 2684069, at *3 (S.D.N.Y. June 21, 2017).  Special Servicer's power to initiate proceedings, which derives from the PSA, is a mere delegation of authority from Trustee and does not affect Trustee's status as the real party in interest. See PSA §3.10(b ("Special Servicer . . . is hereby authorized and empowered by the Trustee to execute and deliver . . . any and all complaints or other pleadings to initiate and/or to terminate any action, suit or proceeding on behalf of the Trust . . . ."); see also Wells Fargo Bank, N.A. v. Konover, No. 05-CV-1924 (CFD), 2009 WL 2710229, at *4 (D. Conn. Aug. 21, 2009) ("[D]elegation to a servicer is not relevant because, in so delegating, the Trustee does not relinquish the powers it holds as Trustee."). Moreover, Special Servicer is not itself a real and substantial party because it does not hold any assets for the Trust and has no stake in the underlying controversy. See Nesbitt Bellevue Prop. LLC, 859 F.Supp.2d at 609 (holding

---

[2] This Court may take judicial notice of the PSA as it is publicly retrievable on the website of the Securities and Exchange Commission: https://sec.report/Document/0001539497-19-001681/exh4-1ubsc17psa.htm. See Wells Fargo Bank, N.A. v. Wrights Mill Holdings, Inc., 127 F.Supp.3d 156, 166 (S.D.N.Y. 2015).  Plaintiff can make a complete copy of the PSA available upon the Court's request.

[3] "Th[is] transfer of the Mortgage Loans and the related rights and property accomplished hereby is absolute and, notwithstanding Section 13.07, is intended by the parties to constitute a sale." See PSA § 2.01(a).

[4] Indeed, if title to any mortgaged property is acquired as a result of the exercise of such remedies, the PSA mandates that title to such acquired property be vested in the name of the Trustee, on behalf of the certificateholders, if applicable law does not permit it to be vested in the Trust itself. See PSA § 3.14(a) ("If title to any Mortgaged Property is acquired . . . , the deed … shall be issued in the name of the Trust . . . and otherwise, in the name of the Trustee . . . .").

Honorable Lorna G. Schofield, U.S.D.J.
March 8, 2022
Page 4

that the special servicer did not "have its own stake in the litigation apart from its duties under the PSA to represent the Trustee, the real party in interest, in certain actions affecting the Trustee's interests." Thus, Special Servicer's citizenship, and that fact that it maintains an office in the State of New York, also has no bearing on Plaintiff's citizenship for purposes of diversity jurisdiction.

### III.   Conclusion

The weight of authority identified herein conclusively establishes diversity of citizenship in favor of Plaintiff such that the filing of the Proposed Motion would inevitably yield waste of the judicial and party resources necessary for its briefing and adjudication. Additionally, granting Borrower Defendants leave to move would accomplish little but delay the resolution of this matter on the merits and allow Borrower Defendants to continue to avoid their loan obligations. Thus, this Court should deny Borrower Defendants' request for leave to make the Proposed Motion.[5]

Respectfully Submitted,

**HOLLAND & KNIGHT LLP**

By: */s/ David V. Mignardi*
David V. Mignardi, Esq.

cc:   All counsel of record (via ECF)

---

[5] In accordance with the Court's Individual Rule III, A, 1, the text of this letter, while spanning beyond 3 pages, is approximately 3 pages, exclusive of letterhead and signature block.

#155802058_v1 527548.00038