UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF UBS COMMERCIAL MORTGAGE TRUST 2019-C17, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2019-C17, acting by and through its special servicer, Rialto Capital Advisors, LLC, as Special Servicer under the Pooling and Servicing Agreement dated as of October 1, 2019,<br><br>                                        Plaintiff,<br><br>                v.<br><br>36th STREET PROPERTY INC.; HR 442 CORP.; AE SOOK CHOI; JIN SUP AN; NEW YORK CITY DEPARTMENT OF FINANCE; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEWBANK; and "JOHN DOE NO. 1" TO "JOHN DOE NO. 100" inclusive, the last one hundred names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,<br><br>                                        Defendants. | Case No.: 1:22-cv-00302-LGS<br><br>**AFFIDAVIT OF JIN SUP AN IN OPPOSITION TO PLAINTIFF'S ORDER TO SHOW CAUSE FOR THE APPOINTMENT OF PLAINTIFF'S RECEIVER** |

JIN SUP AN, being duly sworn deposes and says:

1. I am the Chief Operating Officer of both Defendant 36th STREET PROPERTY INC. and Defendant HR 442 CORP. I am also one of the Guarantors on Loan No. 028002273, which is the subject of the instant Action. I make this affidavit on behalf of myself as well as Defendants 36th STREET PROPERTY INC., HR 442 CORP., and Ae Sook Choi (collectively, "Defendants"). I am fully familiar with all the facts and circumstances set forth herein based upon my own personal knowledge, and a review of Defendants' books, records, and files.

2. I have reviewed the Affidavit of Ae Sook Choi, dated March 7, 2022 and filed simultaneously herewith, and same is incorporated by reference.

3. Defendants are the owners of the real property and improvements located at 442 W. 36th St., New York, NY 10018 (the "Property" or "Premises").

4. The Hudson River Hotel (the "Hotel"), which is owned by Defendants, is situated on the Premises.

5. Defendants acquired title to the Property on or about October 28, 2016 and thereafter expended thousands of dollars in a great amount of sweat equity to upgrade the then-existing hotel to a higher standard and quality. The Hotel presently consists of fifteen (15) stories and has fifty-six (56) rooms for lodging.

6. I have successfully owned, developed and operated hotels throughout New York City. The Defendants have been successfully operating the Hotel without interruption since the Hotel's commencement of business in or around 2016.  *See* the Hudson River Hotel Management Resume, annexed to the Affidavit of Ae Sook Choi as Exhibit 1.

7. In March 2020, the COVID-19 Pandemic hit the United States, and the state and federal governments enacted emergency legislation restricting travel and limiting the gathering of individuals in a given space.

8. As a result of the COVID-19 restrictions and travel ban, the Hotel began to suffer a precipitous decrease in occupancy rates and loss of its primary source of revenue (*i.e.*, guest reservations).

9. As of March 16, 2020, ninety percent (90%) of the Hotel's reservations for March 2020 and future reservations were cancelled, and the Hotel had not received any new reservations.

10. As of June 2020, the Hotel's occupancy rate was 0.52%, which pales in comparison to

the 90.76% occupancy rate the Hotel experienced in June 2019.

11. In or about June 2020, Defendants installed plywood boards over the exterior of the Hotel in order to protect the Property from potential looters who are congregating in various areas of New York City to appropriately secure the Property in Hotel against the increasing numbers of those seeking to inappropriately enter the Hotel.

12. Defendants were ultimately forced to temporarily close the Hotel on September 1, 2020 in order to preserve the long-term commercial health of the Property and abate further financial loss to the Hotel.

13. The Hotel reopened on December 18, 2021 and has since resumed regular operations.

14. Defendants have continuously maintained Insurance on the Hotel since the commencement of business in or around October 2016. *See* the Certificate of Liability Insurance dated February 16, 2022, for the Policy Period of September 1, 2021 through September 1, 2022, annexed to the Affidavit of Ae Sook Choi as Exhibit 2.

15. Defendants have been and are currently successfully running the Hotel since its formation without interruption, with the exception of the Pandemic.

16. There has been no dissipation of assets, waste and/or diminution in value being created by the conduct of the Defendants.

17. I did not receive a phone call or a written or electronic communication from Plaintiff, Plaintiffs' counsel, or Plaintiffs' agents, representatives, or employees requesting access to the Property at any time since March 2020.

18. The Defendants have attempted to negotiate a resolution in good faith with the Plaintiff, only to be rebuked by the Plaintiff. In fact, we hired a Consultant for the purposes of trying to negotiate with the Plaintiff and the Consultant was also not able to get anything more than a review.

In fact, my Attorney informs me that despite this Honorable Courts directions to discuss a prospective resolution, Plaintiff continues to fail to negotiate in any type of good faith, thereby barring any type of resolution that would ultimately benefit both Defendants and Plaintiff.

19. At no time since March 2020 was I aware that an inspector hired by Plaintiff wanted to enter the Hotel to conduct an inspection.

20. For all the reasons set forth herein and those in the accompanying Affidavit, Affirmation, and Memorandum of Law being submitted simultaneously herewith, Plaintiff's drastic request for the appointment of a Receiver is not warranted, should be denied in its entirety, and that Defendants have such other and further relief as this Hon. Court deems just and proper.

Dated: New York, New York
      March 7, 2022

## VERIFICATION

STATE OF NEW YORK )
                                    ) ss:
COUNTY OF NEW YORK )

JIN SUP AN, being duly sworn, deposes and says:

I am one of the Defendants in the within action, and I have read the Opposition Documents are submitted opposing the appointment of the Plaintiffs unilaterally selected Receiver annexed hereto and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
JIN SUP AN

Sworn to before me this
7 day of March, 2022

_____
Notary Public

NAM HYUN J
Notary Public, State of New York
No. 01NA6137301
Qualified in Queens County
Commission Expires November 21, 2025