UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                          :
WILMINGTON TRUST, NATIONAL       :
ASSOCIATION, AS TRUSTEE FOR THE    :
BENEFIT OF THE REGISTERED HOLDERS   :           22 Civ. 302 (LGS)
OF UBS COMMERCIAL MORTGAGE TRUST :
2019-C17, COMMERCIAL MORTGAGE PASS-:
THROUGH CERTIFICATES SERIES 2019-C17,:            <u>ORDER</u>
                                Plaintiff,    :
                                                           :
                -against-                   :
                                                              :
36th STREET PROPERTY INC., et al.,        :
                               Defendants. :
                                                            :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on January 12, 2022, Plaintiff filed this foreclosure action against

Defendants 36th Street Property Inc. and HR 442 Corp. (the "Debtor Defendants"); against

Defendants Ae Sook Choi and Jin Sup An (the "Guarantor Defendants"); and against New York

City Department of Finance, New York City Environmental Control Board, and Newbank,

which have not appeared in this action or answered the Complaint (the "Defaulting

Defendants");

       WHEREAS, on March 10, 2022, the Court appointed Janus Hotel Management Services,

LLC as receiver of the property that is the subject of the foreclosure;

       WHEREAS, on March 23, 2022, counsel for the Guarantor Defendants advised the Court

that the Debtor Defendants had filed for bankruptcy in the Eastern District of New York,

triggering the automatic stay of 11 U.S.C. § 362, which under ordinary circumstances applies

only to the Debtor Defendants who have actually filed for bankruptcy, and not to co-defendants

or related entities such as guarantors. *See Queenie, Ltd.v. Nygard Int'l*, 321 F.3d 282, 287-88

(2d Cir. 2003); *Chen v. Lilis 200 W. 57th Corp.*, No. 19 Civ. 7654, 2021 WL 6427575, at *1 (S.D.N.Y. Dec. 2, 2021);

WHEREAS, Plaintiff asserts that the bankruptcy filing triggered full recourse to the Guarantor Defendants under the mortgage and seeks leave to amend the portion of the Complaint that pertains solely to the Guarantor Defendants to reflect the triggering of their liability;

WHEREAS, the Guarantor Defendants request that the automatic stay be extended to the Guarantor Defendants;

WHEREAS, "[t]he automatic stay can apply to non-debtors" in certain circumstances, such as "when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie*, 321 F.3d at 287. Such "unusual circumstances" arise where "the debtor would have to divert significant resources in response to the litigation or where refraining from extending the stay would threaten the debtors' reorganization." *Chen*, 2021 WL 6427575, at *1; *see, e.g., Santa Rosa Mall, LLC v. Sears Holding Corp.*, No. 20 Civ. 3923, 2021 WL 4429507, at *6 (S.D.N.Y. Sept. 27, 2021);

WHEREAS, the Defendant Ae Sook Choi is President of the Debtor Defendants, and the Guarantor Defendants are intimately involved in the bankruptcy proceedings and in any restructuring plan that may come of those proceedings, the stated goal of which is to return the property to operation as a going concern;

WHEREAS, "[a] Section 362 stay is not ordinarily extended to entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor." *In re Calpine Corp.*, 365 B.R. 401, 408 & n.19 (S.D.N.Y. 2007) (collecting cases) (internal quotation marks omitted). "A general rule freezing a guarantor's payment obligation because the debtor . . . had sought bankruptcy protection would threaten the very purpose of the guarantee."

2

*M.E.S., Inc. v. M.J. Favorito Elec., Inc.*, No. 08 Civ. 183, 2010 WL 959604, at *3 (E.D.N.Y. Mar. 15, 2010).  *Schumacher v. White*, 429 B.R. 400, 407 (E.D.N.Y. 2010) ("'The Bankruptcy Code contemplates that creditors will be able to proceed against the guarantors and codebtors notwithstanding the automatic stay' . . . .").  "However, courts have extended the protection of the automatic stay to nondebtors who are officers, guarantors, sureties and/or directors of corporations where necessity so required."  *In re McCormick*, 381 B.R. 594, 600-01 (Bankr. S.D.N.Y. 2008) (collecting cases); *see In re Calpine Corp.*, 354 B.R. 45, 49-50 (Bankr. S.D.N.Y. 2006) (preliminarily enjoining litigation against surety "because one of the overriding purposes of the Bankruptcy Code is to provide debtors with breathing room from their creditors to increase the chances of a successful reorganization."); *M.E.S, Inc.*, 2010 WL 959604, at *3 (staying proceedings against a guarantor based on the court's "inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants'");

WHEREAS, extending the stay is "necessary to protect the debtor's reorganization." *Coscarelli v. ESquared Hosp. LLC*, No. 18 Civ. 5943, 2021 WL 293163, at *3 (S.D.N.Y. Jan. 28, 2021).  The Guarantor Defendants, and especially Defendant Ae Sook Choi as President of the Debtor Defendants, are particularly involved in the Debtor Defendants' reorganization.  *See Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 328 F. Supp. 2d 439, 441-42 (S.D.N.Y. 2004) (collecting cases staying proceedings "where debtor corporation's successful reorganization was contingent upon the contribution of defendants' personal assets and efforts" and "against debtor's President, given the President's active role in the reorganization planning process"); *In re Third Eighty-Ninth Assocs.*, 138 B.R. 144, 146 (S.D.N.Y. 1992) (collecting out-of-circuit cases granting stays of actions "against officers/guarantors of debtor").  Courts recognize that

3

proceedings against non-debtors can threaten to harm a debtor's reorganization by "adversely affect[ing] needed . . . personnel (*e.g.*, when debtors need the services of non-debtors facing crushing litigation)."  *Gucci Am., Inc.*, 328 F. Supp. 2d at 441 n.1.  It is hereby

**ORDERED** that the Guarantor Defendants' motion to stay the proceedings against them is GRANTED.  This action is STAYED until further order of this Court.  Plaintiff's motion for leave to amend the complaint is DENIED without prejudice to renewal following the lifting of the stay.  Within one week after the bankruptcy stay expires as to the Debtor Defendants, the parties shall file a joint letter, with each side's portion of the letter not to exceed three pages, stating how the resolution of the bankruptcy proceeding affects the claims in this case and stating each party's position on how to proceed.

Dated: June 8, 2022
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE